UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMODER P. REDDY,

Plaintiff,

v.

ABC INFANT MILK, INC., et al.,

Defendants.

Case No. 26-cv-04310-WHO

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE**

Re: Dkt. No. 6

On May 12, 2026, Magistrate Judge Laurel Beeler issued a Report and Recommendation recommending that this case be remanded to state court for lack of jurisdiction. Dkt. No. 6. On May 28, 2026, removing defendants filed a motion seeking de novo determination and asserting objections to that Report and Recommendation. Dkt. No. 8 ("Motion" or "Mot.").

Having considered the Report and Recommendation, the Notice of Removal, the state court Complaint, and the Motion, I ADOPT the Report and Recommendation in full and order this case REMANDED to Alameda County Superior Court for the reasons explained in Judge Beeler's Report and Recommendation and for the additional reasons explained below.

This court does not have subject matter jurisdiction over a state court unlawful detainer action. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Conversely, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Id*.

California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions. *See, e.g., Bank of Am., N.A. v.*

*Arriola*, No. 12-cv-1652-JCS, 2012 WL 1996954, at *2 (N.D. Cal. June 4, 2012).   A defense or counterclaim, even one arising under federal law, does not create federal-question jurisdiction. *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1075 (9th Cir. 2005); *see also Nguyen v. Bui*, No. 12-CV-0501-HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction); *Aurora Loan Serv., LLC v. Martinez*, No. 10-CV-1260-HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (affirmative defense based on the Protecting Tenants at Foreclosure Act does not confer federal jurisdiction).   Therefore, even though the removing defendant here alleges violations of his federal civil rights under 42 U.S.C.  §§ 1981 and 1982, that is insufficient to create jurisdiction over the unlawful detainer complaint.

In addition, removing defendant has failed to show why removal under 28 U.S.C. § 1443(1), is appropriate.  Section 1443(1) allows removal of a civil action commenced in a state court by, "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).  Removal under this section 1443(1) is strictly construed and "[a] petition for removal under § 1443(1) must satisfy the two-part test.... First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc*., 446 F.3d 996, 998–99 (9th Cir. 2006) (quotation marks and citations omitted).

Assuming that the removing defendant's invocation of racial discrimination under 42 U.S.C. 1981 and 1982 satisfies the first prong,[1] the removing defendant fails to satisfy the second prong.  He fails to allege any *facts* suggesting that Alameda County Superior Court will not enforce his federal rights as a result of a state statute or other state-mandated provision that

---

[1] The removing defendant alleges the landlord's agent informed him that plaintiff in the unlawful detainer action "no longer wanted African Americans as tenants."  *See* Notice of Removal at 5.

attempts to command courts to ignore federal rights. *See, e.g., People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (removing party "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."); *HSBC Bank USA v. Cabal*, No. 10-CV-1621-WQH-POR, 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010) (remanding case where removing party had not sufficiently alleged that the denial of federal rights could be predicted from a state statute or a constitutional provision); *see also Montgomery Vill. Owner, LLC v. McEwen*, No. 22-CV-03191-DMR, 2022 WL 18806274, at *2 (N.D. Cal. June 27, 2022), *report and recommendation adopted as modified*, No. 4:22-CV-03191-YGR, 2022 WL 18806273 (N.D. Cal. July 12, 2022) (remanding case where removing party failed "to meet the second as nothing suggests that the Sonoma County Superior Court will not enforce their federal rights.").

There is nothing in the Notice of Removal or the Objection that plausibly suggests that removal is necessary to protect the removing defendant from racial discrimination or that the Alameda County Superior Court would not enforce his federal rights.[2]

This case is REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: June 1, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

---

[2] The removing defendant does not dispute or contest Judge Beeler's separate determination that diversity jurisdiction is lacking. *See* Mot. at 5.

3